UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                            :   16cv2792
                                            :   16cv2804
In re BERNARD L. MADOFF                         16cv2806
INVESTMENT SECURITIES, LLC                  :   16cv2807

                                            :   OPINION & ORDER

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
WILLIAM H. PAULEY III, District Judge:

    This motion arises from the consolidated liquidation of Bernard L. Madoff Investment Securities, LLC ("BLMIS") and the estate of Bernard L. Madoff ("Madoff"). RAR Entrepreneurial Fund ("RAR"), Russell Oasis, Carol Nelson, Stanley Nelson, and Russell L. Dusek (collectively, "Appellants") move for leave to appeal a protective order of the Bankruptcy Court dated March 17, 2016. That order precluded Appellants from conducting discovery on the compensation arrangement between the Securities Investor Protection Act Trustee ("SIPA Trustee") and his law firm, Baker Hostetler. Appellants' motion for leave to appeal is denied.

BACKGROUND

    Until December 2008, Madoff and his investment firm operated a massive Ponzi scheme that cultivated non-existent profits for investors. After Madoff was arrested on December 11, 2008, the fund failed. See In re Bernard L. Madoff Inv. Secs. LLC, 424 B.R. 122, 122–28 (Bankr. S.D.N.Y. 2010). The Securities Investor Protection Corporation ("SIPC"), a membership corporation for registered securities brokers and dealers, then nominated Irving H. Picard as the SIPA Trustee to liquidate BLMIS. SIPC v. Bernard L. Madoff Inv. Secs., LLC, 531 B.R. 439, 446 (Bankr. S.D.N.Y. 2015) ("Omnibus Op."). Throughout that liquidation, the SIPA Trustee has employed his law firm, Baker Hostetler, to perform services for the estate.

The SIPA Trustee filed numerous "avoidance" actions designed to claw money back into the BLMIS fund from investors who were "net winners," i.e., investors who withdrew more money from the fund than they deposited. Omnibus Op., at 447. The defendants in those actions—including Appellants—filed multi-pronged motions to dismiss. Among other things, certain defendants argued that the SIPA Trustee's clawback actions violated the Fifth Amendment's Due Process clause, proffering the following reasoning: (1) SIPC must be a quasi-governmental entity; (2) the SIPA Trustee must be a quasi-governmental actor; and (3) the SIPA Trustee may have received a significant percentage of fees in the liquidation through his compensation arrangement with Baker Hostetler, incentivizing him to violate Appellants' due-process rights by bringing frivolous avoidance actions.

Bankruptcy Judge Stuart M. Bernstein denied Appellants' due-process challenge, reasoning that neither SIPC nor the SIPA Trustee was a state actor. See Omnibus Op., at 458–60. Appellants then sought leave to take an interlocutory appeal to the district court. District Judge George B. Daniels ruled that Appellants' dispute amounted to a "factual" issue rather than a "legal" one, and that Appellants had provided "no settled factual record for [the] Court to consider on the issue of the Trustee's compensation." In re Bernard L. Madoff Investment Secs., LLC, No. 15-cv-6564, 2016 WL 690834, at *2 (S.D.N.Y. Feb. 11, 2016). Accordingly, Judge Daniels denied the motion, concluding that Appellants had not "presented a pure question of law appropriate for interlocutory appeal." 2016 WL 690834, at *2.

On February 22, 2016, in an apparent effort to cure the deficiency, certain Appellants served interrogatories that attempted to create such a factual record regarding the SIPA Trustee's compensation. Following a March 17, 2016 conference, Judge Bernstein issued

a protective order relieving the SIPA Trustee of any obligation to answer the interrogatories. (Chaitman Decl. Ex. D.) On April 14, 2016, Appellants filed these actions, seeking an interlocutory appeal from Judge Bernstein's protective order.

## DISCUSSION

Appellants argue that Judge Bernstein's protective order prevented them from conducting the discovery necessary to meet the interlocutory appeal threshold described in Judge Daniels' order. The SIPA Trustee and SIPC argue that RAR Enterprises and Oasis lack standing, and that all Appellants still fail to meet the requirements for interlocutory appeal.

### I. Standing of RAR and Oasis

The Second Circuit adopts "the general rule, loosely modeled on the former Bankruptcy Act, that in order to have standing to appeal from a bankruptcy court ruling, an appellant must be 'a person aggrieved'—a person 'directly and adversely affected pecuniarily' by the challenged order of the bankruptcy court." In re DBSD North Am, Inc., 634 F.3d 79, 88–89 (2d Cir. 2011). The SIPA Trustee and SIPC argue RAR and Oasis lack standing to appeal because they were not specifically named in Judge Bernstein's March 17, 2016 order (the "Protective Order"), and therefore lack a direct financial injury.

The Protective Order precluded certain defendants from pursuing "any discovery . . . relating to the compensation, fees, or payments that the Trustee receives from his law firm." (Chaitman Decl., Ex. D, at 2.) There is no reason to believe that the Protective Order would have implicitly permitted such discovery by other defendants, particularly because Judge Bernstein previously rejected the same due-process challenge as a "matter of law," and opined that he "d[idn't] think it matters whether or not Mr. Picard gets a percentage ultimately in the

fees that are paid to . . . Baker Hostetler." (March 17, 2016 Tr. at 9:19–10:4, Chaitman Decl., Ex. D.). If the SIPA Trustee's actions were invalidated because of his compensation arrangement, that would have a financial impact on all defendants in the avoidance actions. Accordingly, all Appellants have a sufficient financial interest to assert standing.

II. Threshold for Interlocutory Appeal

"Under [28 U.S.C. §] 158(a)(3), a district court has discretionary appellate jurisdiction over an interlocutory order of a bankruptcy court." In re Kassover, 343 F.3d 91, 94 (2d Cir. 2003). Such appeals are warranted only under "exceptional circumstances." In re Adelphia Commc'ns Corp., 333 B.R. 649, 658 (S.D.N.Y. 2005). To determine whether leave to appeal should be granted, "courts have looked for guidance to 28 U.S.C. § 1292(b)," assessing whether the appeal (1) involves a "controlling question of law"; (2) that may "materially advance the ultimate termination of the litigation"; and as to which there is (3) "substantial ground for difference of opinion." In re Fairfield Sentry Ltd. Litig., 458 B.R. 665, 672–73 (S.D.N.Y. 2011).

The first two elements required for interlocutory appeal are met. "[A] question of law is 'controlling' if reversal of the district court's order would terminate the action." Tocco v. Real Time Resolutions, Inc., No. 14-cv-810, 2015 WL 5086390 (S.D.N.Y. Mar. 4, 2015) (citation omitted). Here, invalidating the SIPA Trustee's actions under the Fifth Amendment's Due Process Clause could terminate the avoidance actions against Appellants. For the same reasons, an immediate interlocutory appeal could "materially advance" the bankruptcy-court litigation and "promote judicial economy." Tocco, 2015 WL 5086390, at *2. But Appellants have not demonstrated any "substantial ground for difference of opinion" on the question of whether a private SIPA Trustee is a "state actor" for due-process purposes.

-4-

While the relevant statute describes SIPC as a "nonprofit corporation" "not [] an agency or establishment of the United States Government," 15 U.S.C. § 78ccc(a)(1), Congress's "pronouncements . . . are not dispositive of [an entity's] status as a governmental entity." Dep't of Transp. v. Assoc. of Am. R.R.s, 135 S. Ct. 1225, 1231 (2015). A litigant may be able to show that a nominally private entity is a state actor if its "seemingly private behavior 'may be fairly treated as that of the State.'" Brentwood Academy v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001). For example, a private entity may be a state actor when its actions "sufficiently receive[] the imprimatur" of the Government. See Sykes v. Bank of Am., 723 F.3d 399, 406 (2d Cir. 2013). However, even assuming that there is a "substantial ground for difference of opinion" on whether SIPC is a state actor, the relevant question here relates to the state-actor status of the SIPA Trustee.[1]

The SIPA Trustee's powers are analogous to those of a bankruptcy trustee. See 15 U.S.C. § 78fff-1(b) ("To the extent consistent with the provisions of this chapter . . . a [SIPC] trustee shall be subject to the same duties as a trustee in a case under [Chapter 7] . . . ."). For example, the SIPA Trustee is charged with collecting money for the debtor's estate and investigating its financial affairs. 15 U.S.C. § 78fff-1(a); 11 U.S.C. § 704.[2] Courts have

---

[1] Notably, SIPC may nominate itself as a trustee when a debtor's total assets and clientele are limited. See 15 U.S.C. § 78eee(b)(3). While such a situation is not presented here, other courts have deemed Government-created entities serving as federal receivers or conservators of financial institutions to be representatives of the estates they manage, not of the Government. See O'Melveny & Myers v. F.D.I.C., 512 U.S. 79, 85–86 (1994) (FDIC acting as receiver represents the estate, not the Government); Ameristar Fin. Servicing Co., LLC v. United States, 75 Fed. Cl. 807, 812 (2007) (FDIC acting as conservator is not a state actor).

[2] The SIPC Trustee may also hire and fix compensation for personnel deemed necessary to the liquidation; utilize SIPC employees "for all or any purposes" in the liquidation; and "margin and maintain customer accounts." 15 U.S.C. § 78fff-1.

repeatedly found that a bankruptcy trustee acting within the scope of his powers is a "representative of the estate [of the debtor] . . . not 'an arm of the Government'" because he is not "so closely connected to the Federal Government that the two 'cannot realistically be viewed as separate entities.'" California State Bd. of Equalization v. Sierra Summit, Inc., 490 U.S. 844, 849 (1989); see 2 Collier on Bankruptcy ¶ 323.01 (16th ed. 2011) ("[T]he trustee is the representative of the debtor's estate."); cf. Picard v. JPMorgan Chase & Co., 460 B.R. 84, 91 (Bankr. S.D.N.Y. 2011) ("[T]he [SIPC] Trustee steps into the shoes of the debtor for purposes of bringing property into the bankruptcy estate, and as such possesses only the rights of the debtor."); cf. also United States v. Crispo, 306 F.3d 71, 82 (2d Cir. 2002) (under U.S. Sentencing Guidelines, bankruptcy trustees are not officers of the "government"). Courts have also found that mere appointment by a Government entity does not suffice to convert a bankruptcy trustee into a state actor. See In re Sharif, 549 B.R. 485, 529 (Bankr. N.D. Ill. 2016) ("While the United States Trustee appoints the private Chapter 7 Trustee, a Chapter 7 trustee is by no means an 'agent' of the United States Trustee. The Chapter 7 Trustee is merely the legal representative of the bankruptcy estate.") (internal citation omitted).

In opposition, Appellants cite two decisions in which courts found that receivers (not trustees) appointed by state (not federal) courts were state actors for due-process purposes. But in each of those cases, the plaintiffs alleged that the receivers had co-opted and abused powers delegated to them by a judge. See Hohensee v. Grier, 373 F. Supp. 1358, 1364 (M.D. Pa. 1974) (court-appointed receiver allegedly participated in conspiracy to deprive plaintiffs of land); Lebbos v. Judges of Superior Court, Santa Clara County, 883 F.2d 810, 811 (9th Cir. 1989) (characterizing, in a footnote, a court-appointed receiver's "improper[] inva[sion]" of

plaintiffs' business and seizure of real property as state action).[3]

Appellants' other cited authority relates to the conduct of canonical state actors, like prosecutors or judges. See Aetna Life Ins. Co. v. Lavoie, 475 U.S. 813, 822–24 (1986) (state supreme court justice issuing opinion on insurance-claim denials while he was a representative in a class-action lawsuit on the same issue); Tumey v. Ohio, 273 U.S. 510, 351–33 (1927) (town mayor adjudicating alcohol fines of which he received a cut); Caperton v. A.T. Massey Coal Co., 556 U.S. 868, 885–87 (2009) (state supreme court justice ruling for litigant from whom he received campaign contributions); Young v. United States ex rel. Vuitton et Fils S.A., 481 U.S. 787, 814 (1987) (district court appointing attorneys for party involved in a settlement agreement to prosecute criminal contempt action for violating the settlement agreement). Appellants have not established a "substantial ground for difference of opinion" on the question of whether a SIPA Trustee, proceeding as a litigant in filing avoidance actions, attains a state-actor status analogous to that of a judge or prosecutor.[4]

---

[3] There are at least two cases in which bankruptcy trustees were treated as state actors for Fourth Amendment purposes when they searched debtors' homes, even though "[p]erhaps incredulously, the . . . courts both failed to address whether they in fact had authority" to authorize bankruptcy trustees to do so. See Michael D. Sousa, *A Casus Omissus in Preventing Bankruptcy Fraud: Ordering a Search of a Debtor's Home*, 73 OHIO ST. L.J. 93, 96 (2012) (citing Taunt v. Barman, 252 B.R. 403 (Bankr. E.D. Mich. 2000); Youngman v. Bursztyn, 366 B.R. 353 (Bankr. D.N.J. 2007)). As in the cases Appellants cite, these trustees were exercising Government authority (executing a search warrant).

[4] Appellants also suggest that there are two cases that are "controlling" on the state-actor status of the SIPA Trustee. But those citations are out of context. In one case, a court stated that a SIPC attorney was "in many ways a representative of governmental interests," but only to explain the apparent impropriety arising when the SIPA Trustee's attorney later represented parties adverse to the estate. See Handelman v. Weiss, 368 F. Supp. 258, 263 (S.D.N.Y. 1973). In the other, the court stated that SIPC was a "quasi-public fund" that was "not a totally private body, entirely independent from governmental attachment." In re Lloyd Secs., Inc., 163 B.R. 242, 253 (E.D. Pa. 1994). But the court only made those statements in the context of analyzing

III. <u>Motion for Sanctions</u>

The SIPA Trustee argues that this Court should impose sanctions because Appellants have recycled variants of this argument from prior litigations, where it was also rejected. <u>See</u> 28 U.S.C. § 1927 (providing statutory authority for courts to require "any attorney [who] . . . multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct"); <u>Roadway Express, Inc. v. Piper</u>, 447 U.S. 752, 764 (1980) (noting courts' "well-acknowledged" inherent power "to levy sanctions in response to abusive litigation practices").

However, sanctions are not appropriate here. It appears that Appellants interpreted Judge Daniels' February 2016 order to direct them to develop a factual record regarding the SIPA Trustee's compensation in the Bankruptcy Court. Appellants' request for discovery, and subsequent appeal, may be construed as a good-faith attempt to comply with that order. Accordingly, the motion for sanctions is denied.

---

whether it would be appropriate to defer to SIPC's recommendation that certain customers should not be compensated. And elsewhere, the court specifically noted that SIPC could not receive full-blown <u>Chevron</u> deference because SIPC "is not a governmental agency." <u>Lloyd Secs.</u>, 163 B.R. at 253.

## CONCLUSION

Appellants' motion for leave to file an interlocutory appeal is denied. Respondents' motion for sanctions is also denied. The Clerk of Court is directed to terminate all motions pending in cases numbered 16-cv-2792, 16-cv-2804, 16-cv-2806, and 16-cv-2807, and mark each of these cases as closed.

Dated: July 14, 2016
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.